UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TRAYSHAUN PERNELL, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:25-CV-11-PPS-JEM |
| RON NEAL, et al., | |
| Defendants. | |

OPINION AND ORDER

Trayshaun Pernell, a prisoner without a lawyer, is proceeding in this case on two claims. First, there are the set of claims against Lieutenant Nadine Smith-Robinson, Officer Darnell Crockett, Sergeant Jeniene Walton, Lieutenant Dennis Koen, Jacqueline Mayes, Sergeant Amon Lee, and Captain Steven McCain "in their personal capacity for money damages for denying him medical care for injuries he suffered in a January 2023 fire in violation of the Eighth Amendment." ECF 8 at 10. Second, there are the claims against Commissioner Christina Reagle, Warden Ron Neal, Assistant Warden Dawn Buss, Major Douglas Wardlow, Safety Hazard Manager Deborah Taylor, and Supervisor of Fire Training Gordon Beecher "in their personal capacity for monetary damages for deliberate indifference to the risk of harm posed by a fire that occurred in January 2023 in violation of the Eighth Amendment[.]" *Id.* All of the defendants now seek summary judgment, arguing Pernell did not exhaust his available administrative remedies before filing this lawsuit. ECF 17. Pernell filed a response. ECF 26. The

defendants have not filed a reply, and the time for doing so has expired. The court will now rule on the defendants' summary judgment motion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, I must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999); *see also Chambers v. Sood*, 956 F.3d 979, 984-85 (7th Cir. 2020). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019) (citation omitted). To exhaust remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id*. But inmates are only required to exhaust administrative remedies that are "available." *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears "on paper," but rather whether the process was in actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). When prison staff hinder an inmate's ability to use the administrative process, administrative remedies are not considered "available." *Id.*

On February 15, 2023, Pernell submitted a grievance complaining he received inadequate medical care following the January 16, 2023, fire. ECF 17-9 at 2. For relief, he requested "monetary funds." *Id.* On March 14, 2023, the grievance office rejected Pernell's February 15 grievance because he did not "suggest appropriate relief or remedy," as he "cannot use the grievance process for monetary gain." *Id.* at 1. Pernell never revised and resubmitted this grievance. ECF 17-1 at 11.

The defendants argue summary judgment is warranted in their favor because the grievance office properly rejected Pernell's February 15th grievance for requesting inappropriate relief and Pernell never revised and resubmitted the grievance. In his response, Pernell argues the grievance office improperly rejected his February 15th grievance because the Offender Grievance Process provides that a grievance cannot be rejected simply for requesting inappropriate relief. The defendants did not file a reply and have not responded to this argument.

3

The Offender Grievance Process provides that: "No grievance shall be rejected because an offender seeks an improper or unavailable remedy, except that a grievance shall be rejected if the offender seeks a remedy to a matter that is inappropriate to the offender grievance process." ECF 17-2 at 7. Here, there is no evidence Pernell's complaint in his February 15th grievance that he was denied adequate medical care was a matter "inappropriate" to the Offender Grievance Process. *See id.* at 3 (listing "Actions of individual staff" and "Any other concerns relating to conditions of care or supervision within the Department" as matters that are appropriate to the Offender Grievance Process). Therefore, Pernell is correct that the grievance office improperly rejected his February 15th grievance simply because it requested an improper remedy. *See id.* at 7. Because the defendants do not respond to or dispute this argument, Pernell has shown the grievance office made the grievance process unavailable to him by improperly rejecting his grievance. *See Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) ( "a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance"); *Rogers v. Lott*, No. 3:24-CV-376-GSL-JEM, 2025 WL 1488476, at *2 (N.D. Ind. May 23, 2025) (holding the Grievance Specialist made the inmate's administrative remedies unavailable by rejecting his grievance "solely because it sought an improper remedy."). Accordingly, the defendants have not met their burden to show Pernell had an available administrative remedy he did not exhaust before filing this lawsuit.

For these reasons, the court DENIES the defendants' motion for summary judgment (ECF 17).

SO ORDERED.

ENTERED:  December 9, 2025.

/s/   Philip P. Simon  
PHILIP P. SIMON, JUDGE  
UNITED STATES DISTRICT COURT
